UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
GISELE KAMANOU,

                  Plaintiff,

    - against-

THE EXECUTIVE SECRETARY OF THE
COMMISSION OF THE ECONOMIC
COMMUNITY OF WEST AFRICAN STATES,

                  Defendants.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER
10 Civ. 7286 (GBD) (JLC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 1 4 2012

GEORGE B. DANIELS, United States District Judge:

    Pro se Plaintiff Gisele Kamanou, a former employee of the United Nations Statistics Division ("UNSD"), brings this action against The Executive Secretary of the Commission of West African States ("ECOWAS"). Between June 2004 and August 2006, the defendant and the UNSD created a publication entitled the "ECOWAS Poverty Profile" (the "EPP"). Plaintiff, "as part of her official duties" at the UNSD, "created, formulated and prepared" the ECOWAS. (Pl.'s Sec. Am. Compl. ¶ 22. Plaintiff claims that in the final version of the EPP, she was not given any attribution for her work. Plaintiff now alleges copyright infringement under the 1976 Copyright Act, 17 U.S.C. § 101 et seq., perjury, tortious interference with contract, slander, and intentional and negligent infliction of emotional distress. Defendant moves to dismiss plaintiff's second amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

    This Court referred the matter to Magistrate Judge James L. Cott for a Report and Recommendation ("Report"). Magistrate Judge Cott issued a Report recommending that defendant's motion to dismiss be granted.

The Court may accept, reject, or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his Report, Magistrate Judge Cott advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff filed timely objections to the Report. Plaintiff cites twenty-one objections and thirty-nine related flaws, most of which are procedural. Plaintiff also argues she has alleged facts sufficient to establish each of her federal claims, and that this Court should exercise supplemental jurisdiction over her remaining state claims. This Court has considered all of plaintiff's objections, procedural and substantive, and finds them to be without merit. This Court adopts the Report's recommendation in its entirety.

## COPYRIGHT CLAIMS

Plaintiff asserts, pursuant to 17 U.S.C. 201(a) and (b), that defendant has unlawfully

claimed ownership over the EPP, and that she is "the statutory owner" of the copyright in the EPP. (Pl.'s Sec. Am. Compl. ¶ 71, June 25, 2011). Plaintiff also argues that even if defendant can establish that it is the lawful owner of the EPP copyright, its decision to exclude her name from the EPP constitutes: (1) "[b]reach of her moral rights to authorship of the [EPP]" pursuant to Article 6*bis* of the Berne Convention for the Protection of Literary and Artistic Works; and (2) "[i]ntellectual discrimination" by giving attribution to other United Nations staff members but not to plaintiff. (Id. ¶¶ 4,79).

## Copyright Infringement

Magistrate Judge Cott correctly concluded that plaintiff's claim for copyright infringement must be dismissed. Plaintiff does not allege that she owns a valid copyright in the EPP because the EPP constitutes work made for hire. Here, plaintiff was assigned to work on the EPP by her employer, the United Nations. (Pl.'s Mem. Opp., ¶¶ 18, 45, Sept. 16, 2011). Because plaintiff's EEP work constitutes "work made for hire" for the United Nations, plaintiff does not own a copyright in the EEP and fails to satisfy the first element of a claim for copyright infringement. Plaintiff's allegations also fail to establish unauthorized copying. Her copyright infringement claim is therefore dismissed.

## Breach of Moral Rights to Authorship and Intellectual Discrimination

Magistrate Judge Cott correctly concluded that plaintiff's claims for: (1) breach of her moral rights to authorship under Article 6*bis* of the Berne Convention for the Protection of Literary and Artistic Works ("Berne Convention"); and (2) intellectual discrimination must be dismissed because neither claim is recognized under United States law.

The Berne Convention does not "offer an independent jurisdictional basis for suit in U.S.

federal court."[1] Carell v. Shubert Org., Inc., 104 F. Supp 2d 236, 259 (S.D.N.Y. 200) (dismissing claims for copyright violations under the Berne Convention). Plaintiff's claim for breach of her moral rights to authorship is accordingly dismissed.

Plaintiff's claim for intellectual discrimination also fails. There is no federal, state, or common law basis for a claim of intellectual discrimination. Plaintiff's claim for intellectual discrimination is therefore dismissed.

## STATE LAW CLAIMS

### Tortious Interference With Contract

Magistrate Judge Cott properly concluded that plaintiff's state law cause of action for tortious interference with contract must be dismissed. Plaintiff has not pled sufficient facts to establish a tortious interference with contract claim.

Plaintiff alleges that defendant tortiously interfered with her contractual right to internal judicial review of her claim to copyright ownership by representing to the United Nations Dispute Tribunal ("UNDT") on multiple occasions that defendant owned the copyright to the EPP and that it made the non-attribution decision.[2] (Pl.'s Sec. Am. Compl. ¶¶ 82-83,99).

---

[1] In the Berne Convention Implementation Act of 1988, Congress restricted the scope of the Berne Convention in the United States:

> [Congress] declared that the Berne Convention is not self-executing, existing law satisfied the United States' obligations in adhering to the Convention, its provisions are not enforceable through any action brought pursuant to the Convention itself, and neither adherence to the Convention nor the implementing legislation expands or reduces any rights under federal, state, or common law to claim authorship of a work . . . .

Carter v. Helmsley-Spear, Inc., 71 F.3d 77, 83 (2d Cir. 1995) (citing Berne Convention Implementation Act of 1988, Pub. L. No. 100-568, 102 Stat. 2853).

[2] Plaintiff has introduced several other new theories in her opposition brief in support of her claim of tortious interfered with her employment contract. (Pl.'s Mem. Opp., ¶ 54). All but one of these new theories is clearly time-barred under New York's three-year statute of limitations for tortious interference with contract. See N.Y. C.P.L.R. § 214(4). Moreover, "[a] claim for relief may not be amended by the briefs in opposition to a motion to dismiss." Disabled in Action of Metro. New York v. Trump Int'l Hotel & Tower, No. 01 Civ. 5518, 2003 WL 1751785, at *13 (S.D.N.Y. Apr. 2, 2003). This Court will therefore not consider these theories.

4

Plaintiff contends that, as a result of defendant's representations, the UNDT concluded that defendant held the copyright in the EPP and dismissed plaintiff's internal action. (Id. at ¶¶ 97-99).

Plaintiff's claim for tortious interference fails. First, plaintiff has not pled sufficient facts to establish that her employment contract with the United Nations provides her with a contractual right to internal judicial review of such a claim. Second, even if plaintiff had established that such a contractual right exists, plaintiff has not pled sufficient facts to establish an "actual breach of contract" based on interference with internal judicial review of her copyright claims. Kirch, 449 F.3d at 401.

### Slander

Magistrate Judge Cott correctly concluded that plaintiff has failed to plead sufficient facts to establish a claim of slander under New York law. Plaintiff's claim that defendant committed slander by communicating to a third party at the United Nations that plaintiff did not participate in one day of meetings at an August 2006 conference concerning the EPP is not "a matter of significance and importance and is not a defamation of a kind incompatible with the proper conduct of [] business." Aronson v. Wiersma, 65 N.Y.2d 592, 594 (1992). Plaintiff has failed to set forth a cause of action for either slander per se or special damages.

## REMAINING CLAIMS AND REQUEST FOR LEAVE TO AMEND

### Perjury, Intentional & Negligent Infliction of Emotional Distress

Plaintiff, in her opposition brief, stated that she will not further pursue claims for perjury, intentional infliction of emotional distress, or negligent infliction of emotional distress. (Pl.'s Mem. Opp., ¶ 11) ("Plaintiff [] acknowledges that courts in the Second Circuit do not recognize

a private right of action for perjury . . . she is not pursuing this claim further. Also . . . [p]laintiff chooses not to pursue her claims [] for negligent and intentional infliction of emotional distress . . . ."). Not surprisingly, plaintiff failed to respond to defendant's arguments in support of its motion to dismiss those claims.[3] Plaintiff was obligated, in her response to defendant's motion, to present arguments as to each of her causes of action. Plaintiff's failure to do so constitutes abandonment of those claims. See Lipton v. City. Of Orange, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2005) ("[Courts] may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed."). Accordingly, her claims for perjury, IIED and NIED are dismissed.

## Leave to Amend

Plaintiff, in her opposition brief, requests, for the third time, leave to amend.[4] The Federal Rules of Civil Procedure provide that leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court may deny leave based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]" Local 802, Assoc. Musicians of Greater New York v. Parker Meridien Hotel, 145 F.3d 85, 89 (2d Cir. 1998) (quoting Forman v. Davis, 371 U.S. 178, 182 (1962)). Plaintiff has already been given two opportunities to amend

---

[3] Plaintiff adds a caveat to her voluntary dismissal of these claims: she will only "drop these claims if the court grants her leave to amend her [Second Amended Complaint]." (Id. at ¶ 65). Plaintiff's attempt to condition her consent to dismiss claims on the Court's granting her informal request for leave to amend is wholly improper.

[4] Magistrate Judge Cott correctly pointed out that, because plaintiff has not made any formal motion for leave to amend her complaint, the Court need not address the informal request made in her Memorandum in Opposition. See In re Tamoxifen Citrate Antitrust Litig., 466 F.3d 187, 220 (2d Cir. 2006) ("It is within the court's discretion to deny leave to amend implicitly by not addressing the request when leave is requested informally in a brief filed in opposition to a motion to dismiss.").

her complaint. Any further amendment to plaintiff's second amended complaint would be futile.[5] Plaintiff's request for leave to amend is therefore denied.

## CONCLUSION

This Court adopts Magistrate Judge Cott's Report and Recommendation in its entirety. Defendants' motion is GRANTED. Plaintiff's request for leave to amend is DENIED as futile.

Dated: March 14, 2012
       New York, New York

SO ORDERED:

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

---

[5] The only proposed amendment that plaintiff has expressed a desire to make is to "use the language of the Copyright Act instead of [the phrase] 'official duties'" as it relates to defendant's argument that the EPP is "work made for hire." (Pl.'s Mem. Opp., ¶ 47). Such an amendment would be futile because it would not affect the Court's conclusion that the EPP is "work made for hire," and is based on plaintiff's employment relationship with the United Nations.